UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES E. COHAN | Case No. 2:25-cv-00878-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| WILLIAM BINYON, Clark County Parks Police; TRAVIS NEWCOME, Clark County Parks Police; MICHAEL SMITH, Clark County Parks Police; JANE SMITH, Nevada Department of Public Safety, | **AND** |
| | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Pending before the Court is Plaintiff's Civil Rights Complaint and Application to Proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 1-1. The IFP application is complete and granted below. Plaintiff's Complaint sues law enforcement officers in their official capacities for money damages, which he cannot do, and is largely indecipherable. The Complaint is therefore dismissed, in part, with prejudice and, in part, without prejudice and with leave to amend.

I.      **Screening Standard**

Having granted Plaintiffs' IFP applications, their Complaint is screened under 28 U.S.C. § 1915(e)(2). Under this standard, the reviewing Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Discussion**

A.    Claims Against Defendants in their Official Capacities Fails as a Matter of Law.

A review of Plaintiff's allegations demonstrate he sues Defendants in their official capacities for money damages, which he cannot do. The 11th Amendment bars 42 U.S.C. § 1983 suits against a State unless the state has waived its sovereign immunity. *Will v. Mich. Dep't of State Police*, 491

1    U.S. 58, 66 (1989).  A suit against a state or local official in his or her official capacity is treated as

2    a suit against the State and is barred by the 11th Amendment.  *Id.* at 71.  Thus, claims against local

3    officials in their official capacities for money damages must be dismissed with prejudice.  *Will v.*

4    *Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  The Court notes that if Plaintiff chooses

5    to file an amended complaint (as discussed below), he is not prohibited from suing local officials in

6    their individual capacities for monetary relief.  *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

7        B.    Plaintiff's Allegations Fail to State a Fourth Amendment Violation.

8        Plaintiff may be attempting to bring a claim based on an arrest he claims was in violation of

9    the Fourth Amendment.  However, the facts alleged fail to state such a claim.  While "a warrantless

10   arrest by a law enforcement officer is reasonable under the Fourth Amendment where there is

11   probable cause to believe that a crime has been or is being committed" (*Devenpeck v. Alford*, 543

12   U.S. 146, 152 (2004)), "'an arrest without probable cause violates the Fourth Amendment and gives

13   rise to a claim for damages under § 1983.'"  *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th

14   Cir. 2011) (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988)).  "Whether probable

15   cause exists depends upon the reasonable conclusion to be drawn from the facts known to the

16   arresting officer at the time of the arrest."  *Id*.  Further, if the officers arresting Plaintiff had a warrant

17   for his arrest, there is no violation of the Constitution.  *See Peacock v. Mayor & City Council of*

18   *Balt.*, 199 F.Supp.2d 306, 309 (D. Md. 2002) ("It is well established that when an arrest and

19   subsequent detention are undertaken pursuant to a facially valid warrant, there is no violation of the

20   Fourth Amendment.").

21       Based on a liberal interpretation of the Complaint, it appears Plaintiff is alleging he was taken

22   from his car, escorted to a police vehicle, handcuffed, and transported to Clark County Detention

23   Center in violation of his Fourth Amendment rights.  ECF No. 1-1 at 2-4.  However, these allegations

24   do not state a claim under the Fourth Amendment as there are no discernable fact demonstrating

25   Plaintiff was arrested in the absence of a valid warrant or without probable cause.  Thus, to the extent

26   Plaintiff is attempting to state a violation of the Fourth Amendment based on his arrest, his claim

27   fails and is dismissed without prejudice but with leave to amend.

28

C.    Plaintiff's Allegations Regarding his Eviction.

The Court reasonably interprets Plaintiff's Complaint as attempting to allege he was evicted from an apartment in 2016 after discovery of his sexual assault conviction and that this eviction violated some unidentified constitutional right.  However, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff does not plead facts establishing that a leasing agent at an apartment complex was acting under color of state law; nor does he plead facts suggesting an eviction from his apartment was a violation of federal law or the U.S. Constitution.

D.    Plaintiff's Indecipherable Claims.

The remainder of Plaintiff's claims are so convoluted as to render them indecipherable.  Plaintiff may be complaining about an arrest for failing to comply with obligations to register as a sex offender, but this is not entirely clear.  Moreover, despite Plaintiff's protestations of innocence regarding a sexual offense, an arrest would not violate the Fourth Amendment if Plaintiff is, in fact, a convicted sex offender who failed to register as required by law as such facts would establish probable cause that Plaintiff committed a crime.  This is what appears to be the case from Plaintiff's Complaint; however, the pleadings are so unclear that the Court is unsure what Plaintiff is alleging.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's attempt to plead violations of the Fourth Amendment is dismissed without prejudice and with one opportunity to amend.

IT IS FURTHER ORDERED that Plaintiff's attempt to plead a violation of federal law or the Constitution arising from his eviction is dismissed without prejudice and with one opportunity to amend.

IT IS FURTHER ORDERED that Plaintiff's indecipherable claims are dismissed without prejudice, with one opportunity to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, the document must be titled "AMENDED COMPLAINT" and must be filed no later than **July 21, 2025**. The amended complaint must state in simple and concise facts that support Plaintiff's claims. The **facts must** demonstrate events that support a violation of federal law or the U.S. Constitution and must identify those who took such acts were acting under color of state law.

IT IS FURTHER ORDERED that Plaintiff's failure to timely file an Amended Complaint or failure to state a viable claim in an amended complaint will result in a recommendation to dismiss this matter with prejudice.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claims against Defendants in their official capacities for money damages be dismissed with prejudice.

Dated this 30th day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).